J-S21027-23
J-S21028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINIC O. ROACH | : | |
| | : | |
| Appellant | : | No. 1334 MDA 2022 |

Appeal from the PCRA Order Entered September 1, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004806-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINIC O. ROACH | : | |
| | : | |
| Appellant | : | No. 1335 MDA 2022 |

Appeal from the PCRA Order Entered September 1, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0006318-2017

BEFORE: BOWES, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: OCTOBER 23, 2023**

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant Dominic O. Roach appeals *pro se* from the orders[1] denying his first Post Conviction Relief Act[2] (PCRA) petition.  On appeal, Appellant claims that trial counsel was ineffective.  We affirm.

The underlying factual history of this case is well known to both parties. *See Commonwealth v. Roach*, 88 MDA 2019, 89 MDA 2019, 2020 WL 618574, at *1-2 (Pa. Super. filed Feb. 10, 2020) (unpublished mem.).

The PCRA court set forth the following procedural history:

A three-day jury trial commenced on September 10, 2018.  The jury found [Appellant] guilty of [two counts each of involuntary servitude, trafficking in individuals (recruit/entice/solicit), trafficking in individuals (financial benefit), promoting prostitution (controlling prostitution business), [promoting prostitution (encouraging prostitution),] promoting prostitution (procuring prostitution), promoting prostitution (transporting), living off prostitutes, and one count each of criminal conspiracy and witness intimidation.[3]]  The [trial] court ordered a pre-sentence investigation (PSI) report.  On November 20, 2018, the [trial] court imposed an aggregate sentence of eighteen to thirty-six years of incarceration.  [Appellant] filed a post-sentence motion, which the trial court denied.

On January 9, 2019, [Appellant] timely filed a direct appeal to the Superior Court, in which he challenged an evidentiary ruling and discretionary aspects of his sentence.  On February 10, 2020, the Superior Court issued a decision affirming [Appellant's] conviction and sentence.  [*See Roach*, 2020 WL 618574.]

[Appellant's] trial counsel, Dennis C. Dougherty, Esquire, did not initially file for allowance of appeal with the Pennsylvania Supreme

---

[1] We address the related appeals at 1334 MDA 2022 and 1335 MDA 2022 in a single memorandum.

[2] 42 Pa.C.S. §§ 9541-9546.

[3] 18 Pa.C.S. §§ 3012(a), 3011(a)(1), 3011(a)(2), 5902(b)(1), 5902(b)(3), 5902(b)(5), 5902(b)(6), 5902(d), 903(c), and 4952(a)(3), respectively.

Court. However, after [Appellant] filed a *pro se* motion for post conviction collateral relief on May 14, 2020, counsel appointed to represent [Appellant] filed an amended petition, arguing that Attorney Dougherty provided ineffective assistance by failing to file for allowance of appeal as requested by [Appellant]. The amended petition was granted on June 25, 2020, and Attorney Dougherty was given 30 days to file a petition for allowance of appeal. On July 20, 2020, Attorney Dougherty filed a petition for allowance of appeal [*nunc pro tunc*] with the Pennsylvania Supreme Court. The petition was denied on [December 29, 2020. ***Commonwealth v. Roach***, 243 A.3d 725 (Pa. 2020).]

On November 24, 2021, [Appellant] filed a second *pro se* motion for post conviction collateral relief.[4] Attorney Daniel Bardo was appointed to represent [Appellant] on January 11, 2022. On March 9, 2022, Attorney Bardo filed a petition to withdraw as counsel pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[fn2] On April 29, 2022, [the PCRA court] issued a notice pursuant to Pennsylvania Rule of Criminal Procedure 907 alerting [Appellant] that his request for relief would be denied without further hearing and granting [Appellant] 20 days to file an amended petition.

> [fn2] Attorney Bardo's petition to withdraw was granted on October 28, 2022, after it was brought to the [PCRA court's] attention that his petition was inadvertently unresolved.

[Appellant] timely filed a *pro se* [amended first PCRA petition] on May 19, 2022. The Commonwealth filed an answer on June 27, 2022. [The PCRA court] denied the amended petition on September 1, 2022[.]

PCRA Ct. Op., 11/22/22, at 4-5 (formatting altered).

_____

[4] Despite the PCRA court's characterization of the instant petition as a second petition, because Appellant's first PCRA petition resulted in the reinstatement of his direct appeal rights *nunc pro tunc*, the instant petition is treated as a first petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 122 (Pa. Super. 2014).

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion addressing Appellant's claims.

Appellant raises the following issue for our review:

1. Trial counsel [was] ineffective for failing to challenge validity of unsigned invalid criminal complaint/affidavit of probable cause/arrest warrant.

2. [Trial c]ounsel was ineffective for failing to object to admission of prior bad acts evidence and the court's denial of cautionary instructions.

3. Ineffective assistance of counsel for failing to challenge evidence and issues outside Commonwealth's bill of information.

4. Trial court abused its discretion in allowing amendment of Commonwealth's bill of information to add additional charges and dates on the first day of trial, and ineffective assistance of counsel for agreeing to amendment without objection.

5. Cumulative impact of ineffective assistance of counsel.

Appellant's Brief at 7-40 (unpaginated, some formatting altered).[5]

---

[5] In his statement of questions, Appellant raises one issue challenging the PCRA court's denial of his PCRA petition generally. *See* Appellant's Brief at 3. Despite identifying only one question for appellate review, the argument section of Appellant's brief is divided into five sections. *See* Pa.R.A.P. 2119(a) (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued"). We do not condone Appellant's failure to comply with the Rules of Appellate Procedure, but because the noncompliance does not impede our review, we decline to find waiver on this basis. ***See, e.g.***, ***Commonwealth v. Levy***, 83 A.3d 457, 461 n.2 (Pa. Super. 2013) (declining to find waiver on the basis of the appellant's failure to comply with the Rules of Appellate Procedure, where the errors did not impede this Court's review). For clarity, we list the issues on appeal as they appear immediately preceding each claim in the argument section of Appellant's brief.

- 4 -

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted); **see also Commonwealth v. Davis**, 262 A.3d 589, 595 Pa. Super. 2021) (stating that "[t]his Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." (citation omitted)).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight

- 5 -

analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered). Further, it is well settled that counsel will not be deemed ineffective for failing to raise meritless claims. *Commonwealth v. Midgley*, 289 A.3d 1111, 1120 (Pa. Super. 2023).

### Validity of Criminal Complaint

In his first issue, Appellant contends that trial counsel was ineffective for failing to contest the validity of the criminal complaint and accompanying affidavit of probable cause. Appellant's Brief at 7. Specifically, Appellant argues that the charging documents did not include a magistrate district judge's (MDJ) signature and, therefore, "there was no recorded determination that probable cause existed and no written order to that effect." *Id.* at 23. Appellant also argues that Officer Jones[6] improperly included a reference to the September 2017 incident in the affidavit of probable cause. *Id.* at 27.

_____

[6] Officer Christopher Jones was the affiant on the complaint and supporting affidavit of probable cause. *See* Criminal Complaint, 7/27/28.

The Pennsylvania Rules of Criminal Procedure mandate, *inter alia*, that each criminal compliant contain the signature of the affiant. Pa.R.Crim.P. 504(13). "Before accepting a complaint for filing, the issuing authority shall ascertain and certify on the complaint that the complaint has been properly completed and executed[.]" Pa.R.Crim.P. 508(A)(1). Here, the PCRA court noted that the criminal complaint and affidavit of probable cause at issue under Docket Nos. 6318-2017 and 4806-2017 were signed by a Magisterial District Judge and that trial counsel "would have had no legitimate basis to challenge the validity," of the charging documents. PCRA Ct. Op. at 9. Further, with respect to Appellant's claim that the affidavit of probable cause contained an improper reference to an uncharged offense, the PCRA court explained: "[t]he affidavit does not aver that any charges were filed relating to events that took place on September 26, 2017; instead, the incident is included merely for context about how the investigation into [Appellant] began." PCRA Ct. Op. at 9.

Following our review, we conclude the record supports the PCRA's court's factual findings and we find no error in the PCRA court's legal conclusions. *See Lawson*, 90 A.3d at 4. As noted by the PCRA court, Appellant's underlying claims regarding the charging documents are meritless. Accordingly, because counsel cannot be ineffective for failing to raise a meritless claim, Appellant is not entitled to relief. *See Midgley*, 289 A.3d at 1120.

- 7 -

**Prior Bad Acts**

We address Appellant's next two issues together. First, Appellant argues that trial counsel was ineffective for failing to object to the admission of prior bad acts evidence and failing to request a cautionary instruction with respect to that evidence. Appellant's Brief at 13-17. Appellant also claims that trial counsel was ineffective for allowing the Commonwealth to base its case on "evidence and issues outside the Commonwealth's bills of information." *Id.* at 21.

Initially, it is well settled that appellate briefs must conform to the requirements set forth in the appellate rules. *In re Ullman*, 995 A.2d 1207, 1211 (Pa. Super. 2010); *see also* Pa.R.A.P. 2111(a) (setting forth the rules for the content of an appellate brief). Specifically, Rule 2119(c) provides that "[i]f reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears." Pa.R.A.P. 2119(c).

"Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *Ullman*, 995 A.2d at 1211-12 (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Westlake*, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023) (citation omitted and formatting altered). Indeed, we will "not develop an argument for an appellant, nor shall we scour the record to find evidence to

support an argument; instead, we will deem the issue to be waived." ***Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 884-85 (Pa. Super. 2019) (citations omitted).

Here, Appellant fails to identify any specific trial testimony to which trial counsel should have objected. Although Appellant makes broad references to prior bad acts testimony that was improperly elicited by the Commonwealth in his brief, ***see*** Appellant's Brief at 13-21, Appellant does not specifically cite any testimony from the record. Because Appellant has failed to adequately develop this argument with citations to the record, this claim is waived. ***See Pi Delta Psi, Inc.***, 211 A.3d at 884-85; Pa.R.A.P. 2119(c).

### Amendments to Bills of Information

Appellant next argues that trial counsel was ineffective for failing to object to the Commonwealth's amendments to the bills of information on the day of trial. Appellant's Brief at 34.

Before addressing this claim, we must determine whether Appellant has adequately preserved the issue for our review. This Court has explained that "PCRA claims are generally considered to be waived unless a petitioner first asserts them in a PCRA petition within one year from the date the judgment of sentence became final." ***Commonwealth v. Crumbley***, 270 A.3d 1171, 1181 (Pa. Super. 2022) (citation omitted), *appeal denied*, 284 A.3d 884 (Pa. 2022); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Here, the record reflects that Appellant did not raise this issue in his PCRA petition. *See* Appellant's Amended PCRA Pet., 5/19/22. Therefore, Appellant has failed to preserve this issue for appellate review. *See Crumbley*, 270 A.3d at 1181; Pa.R.A.P. 302(a). Accordingly, he is not entitled to relief.

### Cumulative Prejudicial Impact

In his final issue, Appellant claims that "the cumulative impact of [counsel's] deficiencies [] resulted in the absence of adequate and effective assistance of counsel, thereby prejudicing [Appellant] and causing conviction of crimes [of which] he is actually innocent[.]" Appellant's Brief at 40.

It is well settled that issues not included in an appellant's Rule 1925(b) statement are waived on appeal. *Commonwealth v. Becher*, 293 A.3d 1226, 1237 n.7 (Pa. Super. 2023); *see also* Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the [Rule 1925(b)] Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

In the instant case, Appellant failed to include a cumulative prejudice claim in his Rule 1925(b) statement. Therefore, this issue is waived. *Becher*, 293 A.3d at 1237 n.7; Pa.R.A.P. 1925(b)(4)(vii).[7]

_____

[7] Even if Appellant had preserved this issue for appeal, Appellant would nonetheless not be entitled to relief. Our Supreme Court has explained that while "no number of claims which fail on their merits may collectively warrant relief[,] . . . [w]hen the failure of individual claims is grounded in lack of prejudice, then the cumulative prejudice from those individual claims may properly be assessed." *Commonwealth v. Wholaver*, 177 A.3d 136, 180
*(Footnote Continued Next Page)*

For these reasons we affirm the PCRA court's orders denying relief.

Orders affirmed. Jurisdiction relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/23/2023

---

(Pa. 2018) (citations omitted).  We found that Appellant was not entitled to relief in his previous four ineffective assistance of counsel claims because either he failed to establish arguable merit or the issues were waived on appeal.  *See Crumbley*, 270 A.3d at 1181; *Pi Delta Psi, Inc.*, 211 A.3d at 884-85; *Sandusky*, 203 A.3d at 1043.

- 11 -